IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL                          :No.:  02-3717

                                          :

          vs.

                                          :

WARREN OBENSKI, MATTHEW GALE,
ET AL.                                    :

**DEFENDANTS, WARREN OBENSKI AND MATTHEW GALE'S ANSWER TO
PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendants, Warren Obenski and Matthew Gale by and through their attorney,

David P. Karamessinis, Esquire of the law firm of Devlin and Devine respond to

plaintiff's Amended Complaint and aver as follows:

1.       Answering defendants, Warren Obenski and Matthew Gale (hereinafter

referred to as "defendants, Obenski and Gale") are without knowledge or information

sufficient to form a belief as to the truth of the averments of this paragraph and, they are

therefore deemed denied.

2.       It is admitted that, at the time of the events set forth in plaintiff's

Amended Complaint, Officer Warren Obenski was a Police Officer of Uwchlan

Township, whose address is as set forth in the caption of the Amended Complaint.  The

remaining allegations are denied as conclusions of law to which no response is required.

3.       It is admitted that, at the time of the events set forth in plaintiff's

Amended Complaint, Officer Matthew Gale was a Police Officer for Uwchlan Township.

whose address is as set forth in the caption of the Amended Complaint.  The remaining

allegations are denied as conclusions of law to which no response is required, and they are therefore deemed denied.

4.      Answering defendants, Gale and Obenski are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and they are therefore deemed denied.

5.      The allegations contained in this paragraph constitute conclusions of law to which no response is required, and they are therefore deemed denied.

6.      The allegations contained in this paragraph constitute conclusions of law to which no response is required, and they are therefore deemed denied.

## BACKGROUND

7-10.   Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 7 through 10 of the Amended Complaint, and they are therefore deemed denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     It is admitted that on or about June 1, 2002, Officer Obenski prepared a criminal Complaint with an Affidavit of Probable Cause for charges that were going to be filed against plaintiff.  The remaining allegation of this paragraph is denied.

16.     Admitted.

17.    It is denied that defendant knew the home address, work address and phone number of plaintiff, and the remaining sentences of paragraph 17 are denied as characterizations of a document, which speaks for itself.

18.    The allegations of paragraph 18 are denied as a characterization of a document, which document speaks for itself.

19.    The allegations of paragraph 19 are denied as a characterization of a document, which document speaks for itself.

20.    Denied.

21.    Admitted.

22.    It is admitted that Officer Gale entered Mitchell's name into the NCIC as a fugitive.  The remaining allegations of this paragraph are denied.

23.    Admitted.

24.    Answering defendants are without knowledge or information sufficient to form a belief as to what actions were specifically taken by the Maryland Police.  It is admitted that plaintiff agreed to waive extradition. Answering defendants are without knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph.

25.    Admitted.

26.    It is admitted that plaintiff was charged with harassment, stalking and indecent assault.  By way of further response, answering defendants are without knowledge or information sufficient to form a belief as to whether or not the charge of unlawful use of the computer and harassment by communication was charged.

27.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and they are therefore deemed denied.

28.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and they are therefore deemed denied.

29.    Admitted.

30.    Denied.

31.    Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, and they are therefore deemed denied.

32.    Denied.

## ANSWER TO "COUNT I"

33.    Answering defendants incorporate their responses to paragraphs 1 through 32 as though set forth at length herein.

34.    Denied.

35.    Admitted.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

WHEREFORE, answering defendants, Obenski and Gale respectfully request that this Court enter judgment in their favor and against plaintiff together with costs permitted under 42 U.S.C. §1988, disbursements, attorney's fees and any further relief deemed appropriate by the Court.

## ANSWER TO "COUNT II"

47.    Answering defendants incorporate by reference their responses to paragraphs 1 through 46 as though set forth at length.

48-52.  As the allegations contained in paragraphs 48 through 52 of plaintiff's Amended Complaint are addressed to a defendant other than answering defendants no response is required.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

## THIRD AFFIRMATIVE DEFENSE

Any injury or damage sustained by plaintiff was a direct and proximate result of plaintiff's conduct.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by reason of plaintiff's contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

Neither an act, or failure to act on the part of answering defendants, Obenski and Gale violated any of plaintiff's constitutional rights.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part, or otherwise subject to reduction by the doctrines of res judicata and/or collateral estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

At all times material hereto, plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the Commonwealth of Pennsylvania.

## EIGHTH AFFIRMATIVE DEFENSE

At no time material hereto did answering defendants, Obenski and Gale act in bad faith or in an unreasonable, extreme, willful, wanton, outlandish, outrageous and/or malicious manner.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any act or omission by answering defendants, Obenski and Gale.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims as against answering defendants Obenski and Gale for punitive damages are limited and/or barred by the applicable state constitution, by the Fourteenth,

Fifth and Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering defendants Obenski and Gale were not state actors and were not acting in concert with any state actor.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are not cognizable claims of action under either Federal and/or Pennsylvania state law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity for all actions taken in connection with the incident set forth in the Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

The actions and conduct of the defendants, to the extent that it occurred as alleged, was objectively reasonable under the circumstances of which defendants were then and there aware, and they enjoy qualified immunity from all liability therefore.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred based on the doctrine of "unclean hands."

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations, and the Pennsylvania Municipal Subdivision Tort Claims Act.

WHEREFORE, answering defendants Obenski and Gale respectfully request that this Court enter judgment in their favor and against plaintiff, together with costs

permitted under 42 U.S.C. §1988, disbursements, attorney's fees and any further relief

deemed appropriate by the Court.

DEVLIN AND DEVINE


BY: _____

David P. Karamessinis, Esquire
Attorney for Defendants,
Obenski and Gale
100 West Elm Street
Suite 200
Conshohocken, PA  19428
610-397-4635

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL                    :No.:  02-3717

                                 :

     vs.

                                   :

WARREN OBENSKI, MATTHEW GALE,
ET AL.                              :

## **CERTIFICATE OF SERVICE**

    I hereby certify that service of a true and correct copy of the enclosed

Defendants, Warren Obenski and Matthew Gale's Answer to Plaintiff's

Amended Complaint was sent to all parties on _____ by United

States first-class mail, postage pre-paid.

Milton Savage, Jr., Esquire
1616 Walnut Street
Suite 1910
Philadelphia, PA  19103

                  DEVLIN AND DEVINE

                  By: _____
                      David P. Karamessinis, Esquire
                      Attorney for Defendants,
                      Police Officers Warren Obenski and
                      Matthew Gale
                      Suite 200, 100 West Elm Street
                      Conshohocken, PA  19428
                      610-397-4635

Date: _____

_