IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL :No.: 02-3717
:
vs.
:
WARREN OBENSKI, MATTHEW GALE, :
ET AL.

**O R D E R**

AND NOW, this        day of       , 2002 upon consideration of defendants Obenski and Gale's Motion to Sever Their Claims From Those Against Defendant Morris, it is hereby ORDERED that the Motion is granted and that all claims by Gregory Mitchell against Rhonda Morris are severed from case number: 02-CV-3717

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL :No.: 02-3717

:

vs.

:

WARREN OBENSKI, MATTHEW GALE, :
ET AL.

**DEFENDANTS, WARREN OBENSKI AND MATTHEW GALE'S MOTION TO SEVER THE CLAIM AGAINST RHONDA MORRIS PER FED. R. CIV. P. 21**

Defendants, Warren Obenski and Matthew Gale by and through their counsel, David P. Karamessinis, Esquire of the law firm of Devlin and Devine file the within Motion to Sever the Claim Against Rhonda Morris Per Fed. R. Civ. P. 21, and rely on the attached brief in support.

DEVLIN AND DEVINE


BY: _____
David P. Karamessinis, Esquire
Attorney for Defendants,
Obenski and Gale


100 West Elm Street
Suite 200
Conshohocken, PA  19428
610-397-4635


Date: _____

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL :No.: 02-3717

:

vs.

:

WARREN OBENSKI, MATTHEW GALE,  :
ET AL.

**DEFENDANTS, WARREN OBENSKI AND MATTHEW GALE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO LEAVE TO SEVER THE CLAIM AGAINST RHONDA MORRIS PER FED. R. CIV. P. 21**

**I.   FACTS**

On or about July 2, 2002, plaintiff Gregory Mitchell filed suit against Police Officers Obenski and Matthew Gale of the Uwchlan Township Police Department as well as against Rhonda Morris. Plaintiff claims that he loaned Morris fifteen hundred dollars ($1,500.00), with no promise to repay the loan. (Amended Complaint attached as Exhibit "A," at paragraphs 7-10).

Thereafter, plaintiff claims that defendant Obenski filed a criminal Complaint charging Mitchell with having sexually assaulted Morris, when in fact Obenski knew that he had not committed such infractions. (Exhibit "A," at paragraph 15).

Plaintiff further claims that Obenski prepared an Affidavit of Due Diligence indicating to the Court that plaintiff could not be located and was a fugitive and sought a "fugitive from justice warrant" against plaintiff so that he could be extradited from Maryland to Pennsylvania. (Exhibit "A," at paragraph 17). Plaintiff also claims that Officer Gale was involved in the extradition of plaintiff from Maryland to Pennsylvania. (Exhibit "A," at paragraphs 21-22).

Plaintiff waived extradition, was transported to Chester County, was charged with various offenses and was eventually found not guilty of the charges. (Exhibit "A," paragraphs 24-29). Plaintiff claims that the foregoing actions by Obenski and Gale were done to ruin plaintiff's reputation and to support defendant Morris in her attempt to defraud the plaintiff of $1,500.00.

Plaintiff's Amended Complaint makes claims against Officers Obenski and Gale based on various sections of the Civil Rights Act. Plaintiff's claim against Rhonda Morris sounds in breach of contract.

## II.    LEGAL ARGUMENT

### A.    PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT AGAINST RHONDA MORRIS SHOULD BE SEVERED FROM PLAINTIFF'S CLAIMS AGAINST OFFICERS OBENSKI AND GALE

Fed. R. Civ. P. 21 is most often used by the Courts to sever parties who are improperly joined under Rule 20. Miller v. Hygrade Food Products Corp., 202 F. R. D. 142, 144 (E.D. Pa. 2001). Under Rule 20, "all persons may join in one action as plaintiffs if they assert any right to relief, jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence of series of transactions or occurrences, and if any questions of law or fact common to all these persons will arise in the action."

In order for plaintiff herein, to support the joinder of his claims against the Police Officers with his claim against Morris, he must show that the claims arise out of the same transaction and that a question of law or fact common to all joint parties will arise. In re: Orthopedic Bone Screw Product Liability Litigation, MDL 1014, 1995 WL 428683, at 1 (E.D. July 17, 1995).

While the factual predicate to Mitchell's claim against the police arises out of this supposed dispute between Mitchell and Morris over the $1,500.00 loan, the claim of breach of

contract against Morris does not arise out of plaintiff's claims against the Police Officers for an improper arrest and for the lack of probable cause in support of the criminal charge and the breach of contract claim should be severed.

### III. CONCLUSION

Defendants respectfully request that the claims against defendants Obenski and Gale be severed from those against Rhonda Morris.

              DEVLIN AND DEVINE


         BY: _____
             David P. Karamessinis, Esquire
             Attorney for Defendants,
             Obenski and Gale

             100 West Elm Street
             Suite 200
             Conshohocken, PA  19428
             610-397-4635


Date:  _____

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL :No.: 02-3717

:

vs.

:

WARREN OBENSKI, MATTHEW GALE,
ET AL. :

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the enclosed Defendants, Warren Obenski and Matthew Gale's Motion to Sever was sent to all parties on _____ by United States first-class mail, postage pre-paid.

Milton Savage, Jr., Esquire
1616 Walnut Street
Suite 1910
Philadelphia, PA  19103

                    DEVLIN AND DEVINE

                    By: _____
                        David P. Karamessinis, Esquire
                        Attorney for Defendants,
                        Police Officers Warren Obenski and
                        Matthew Gale
                        Suite 200, 100 West Elm Street
                        Conshohocken, PA  19428
                        610-397-4635

Date: _____