IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL                        :No.:  02-3717

                                        :

        vs.

                                        :

WARREN OBENSKI, MATTHEW GALE,           :
ET AL.                                  :

**NOTICE UNDER LOCAL RULE 7.1(c) & (d)**

Defendants by and through their counsel, David P. Karamessinis, Esquire have filed a

Motion for Summary Judgment and have served a copy of same upon plaintiff's counsel by

regular mail (and also electronic mail if applicable).  Any reply or opposing memorandum is due

within fourteen (14) days of March 23, 2004.  If no responsive brief is filed within that time

period, the Court shall grant defendants' Motion.

                                        DEVLIN & DEVINE


                          By:   _____
                                /sDavid P. Karamessinis, Esquire
                                ID#:  50836
                                Attorney for Defendants
                                Suite 200, 100 West Elm Street
                                Conshohocken, PA  19428
                                610-397-4635

Date:  _____

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL                    :No.:  02-3717

                                    :

        vs.                         :

                                    :

WARREN OBENSKI, MATTHEW GALE,       :
ET AL.                              :

**O R D E R**

AND NOW,  this     day of    , 2004 upon consideration of defendants' Motion for

Summary Judgment, the Motion is granted and plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:

_____
                                          J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL                         :No.:  02-3717

                                         :

     vs.                              

                                         :

WARREN OBENSKI, MATTHEW GALE,            :
ET AL.                                   :

**DEFENDANTS, WARREN OBENSKI AND MATTHEW GALES' MOTION FOR
SUMMARY JUDGMENT**

Defendants, Obenski and Gale by and through their counsel, David P. Karamessinis,

Esquire of the law firm of Devlin and Devine hereby move for Summary Judgment and rely on

the attached brief in support.

DEVLIN AND DEVINE

By: _____
    /sDavid P. Karamessinis, Esquire
    Attorney for Defendants
    ID#:  50836
    Suite 200, 100 West Elm Street
    Conshohocken, PA  19428
    610-397-4635

3

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL                :No.:  02-3717

                                        :

      vs.

                                          :

WARREN OBENSKI, MATTHEW GALE,      :
ET AL.                                       :

**DEFENDANTS, WARREN OBENSKI AND MATTHEW GALE'S MEMORANDUM OF
LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**I.     FACTS**

On or about May 26, 2000, Rhonda Morris came to the police station in Uwchlan

Township to report a false imprisonment incident, which had occurred at the Fairfield Inn in

Exton, Pennsylvania in mid-April of this year.  (Exhibit "A," Police Report of Officer Warren

Obenski, 5/26/2000 at p. 1-2).  The following day Officer Obenski followed up on the Morris

complaint. Morris advised that she and co-worker Mitchell had dated for a few weeks in January

of 2000.  *Id.*  Morris stated that sometime in mid-April she had dropped Mitchell off at the

Fairfield Inn in Exton Pennsylvania, and that later in the afternoon she received an e-mail

message from Mitchell advising that he was having an appendix attack and he needed her to

come to the hotel immediately to help him.  *Id.* at 2.   Morris advised Officer Obenski that she

arrived at the hotel and, once in the hotel room, Mitchell grabbed her, forced her onto the bed,

climbed on top of her and tried to force Morris to engage in sex with him.  Morris refused.

(Exhibit "B," signed statement of Rhonda Morris, 5/31/00; Exhibit "A," at p. 2).  Mitchell told

Morris that he had accessed her e-mail account and suddenly pulled her off the bed by her arms,

causing a bruise, and forced her into a chair in front of  Mitchell's lap-top and held her there

4

while he showed Morris her e-mail account on Mitchell's computer. Morris got out of the chair and went to the door but Mitchell blocked her exit. (Exhibit "A," at 2; Exhibit "B,"). Morris finally left the room. She claimed that since that day, Mitchell had harassed her by telephone, pager and e-mails, and that she had reported these latter incidents to Officer Mark Twidell of the East Brandywine Police Department and she had notified U.S. Airways Corporate Security Manager, Raymond Stackhouse. It was Mr. Stackhouse who advised Morris to contact the police department. (Exhibit "A," at 3). Morris advised that she would complete a detailed statement as to what had occurred and give it to Officer Obenski in a few days.

On May 28, 2000 Sergeant Lester of the Uwchlan Township Police Department retrieved a copy of the room register from the Fairfield Inn, which register showed that Greg Mitchell had checked into Room 205 on April 10, 2000 and had departed the following day. The register showed numerous telephone calls, some of which were made to Morris' home telephone and some to her cellular telephone. (Exhibit "A," at 3; Exhibit "C," Fairfield Inn Register, 4/10/00, 4/11/00 for Greg Mitchell). On May 31, 2000 Officer Obenski met with Morris at the police station at which time Morris provided the written statement as requested. The statement described: what had happened at the Fairfield Inn, how after Morris left that day, Mitchell had called her repeatedly and apologized for his behavior and promised never to touch her again and asked her to drive him to the airport the next day—which she did. Officer Obenski attempted to contact Mitchell at the telephone number provided, by Morris but received another person's answering machine. Obenski then left a message for U.S. Airways Security Manager, Raymond Stackhouse. (Exhibit "A," at 4).

Based on the written statement provided by Rhonda Morris, Obenski's interview with Morris, and his review of the Fairfield Inn Hotel register, Obenski prepared a Police Criminal

Complaint and an Affidavit of Probable Cause. (Exhibit "D," Dep. Tr. of Officer Obenski, 6/25/03 at 19-20). The Affidavit recounted the facts as related to Officer Obenski by Mitchell. (Exhibit "E," Police Criminal Complaint dated 6/9/01 with Affidavit of Probable Cause). The document was signed by the District Justice on June 1, 2001. (Exhibit "E"). The Criminal Complaint contained six charges, all related to what Rhonda Morris claimed occurred at the Fairfield Inn. (Exhibit "D," at 33).

Martha Gay, of the District Attorney's Office, advised Officer Obenski that, given Mitchell resided in Maryland, the best way to effectuate his arrest was to prepare a fugitive warrant. (Exhibit "D," at 42, 47). Obenski prepared an Affidavit of Due Diligence in support of a request for a fugitive warrant. (Exhibit "F," Affidavit signed by Warren Obenski). As Rhonda Morris advised Officer Obenski that if Mitchell were aware that a warrant had been issued for his arrest, that he would flee, Officer Obenski included this information on the Affidavit of Due Diligence along with the notation provided by the District Attorney--that Mitchell was to be extradited from Maryland to Pennsylvania. (Exhibit "F"; Exhibit "G," Fugitive Warrant, 6/1/00). It was Officer Obenski's understanding that a fugitive warrant permitted Mitchell to be picked up by the police in Maryland and extradited to Pennsylvania. (Exhibit "D," at 54-57). When Obenski applied for the warrant for Mitchell's arrest, he put that he was white. (Exhibit "D," at 54; Exhibit "G."). It was only later that the word "white" was crossed out and replaced with "black."

Due to the fact that Officer Obenski suffered an extremely serious motorcycle accident in the first week of June, 2000 and was unable to return to work for 10 months, Police Officer Gale of the Uwchlan Township Police Department was given instructions to pick up the signed warrant from District Court and make sure that it got served. (Exhibit "H," Dep. Tr. of M. Gale,

6

6/25/03 at 20).  Once Officer Gale obtained the fugitive warrant from District Court, he

contacted Martha Gay at the District Attorney's Office, who authorized a Zone 1 extradition—

which is an extradition from any state that touches Pennsylvania.  *Id.* at 28.  Officer Gale spoke

with a regional manager from U.S. Air who advised that Mitchell would be arriving at

Washington National Airport, on an upcoming day, Gale then faxed a copy of the warrant to a

sergeant at the airport.  (Exhibit "A," at p. 5).  The sergeant at the Washington Airport advised

Gale that the warrant did not cover Virginia.  (Exhibit "A," at p. 5).  Subsequently, Gale

contacted a police officer in the Virginia jurisdiction where Mitchell resided, faxed a copy of the

warrant to that officer and Mitchell was picked up on June 19, 2000.  (Exhibit "A," at p. 6).

Mitchell waived extradition and was picked up by a Chester County Sheriff and returned to

Chester County.  (Exhibit "A," at 7).

On August 1, 2000 Sergeant Crawford of the Uwchlan Township Police Department re-

interviewed Morris concerning the incident between her and Mitchell.  Morris explained, in

greater detail, how Mitchell had signed on to her AOL account, and that he had continually

telephoned her at her residence and on her cell-phone.  (Exhibit "A," at 7-8).  Morris completed a

three page typed statement called "time line" regarding her problems with Mitchell.  (Exhibit

"I").  Crawford investigated Morris' claims that Mitchell had repeatedly accessed her e-mail

account.  (Exhibit "A," at 7-9).  ADA Elizabeth Pitts amended the charges against Mitchell to

include unlawful use of computer and harassment by electronic communication.  (Exhibit "J," at

4-7) [1]

A Preliminary Hearing was held on October 3, 2000.  Morris' testimony was consistent

with the statement that she had prepared for Obenski and which had been set forth in the

---

[1] Neither Obenski nor Gale was the complaining witness for the additional charges; those charges were supported by
Morris and Sergeant Crawford's testimony at the Preliminary Hearing.  (Exhibit "J").

Affidavit of Probable Cause.  (Exhibit "J," Preliminary Hearing Transcript, 10/3/2000 at 18-24).

The District Justice bound over for trial, all of the charges set forth in the Criminal Complaint.

*Id.* at 57.

Neither Officer Obenski nor Officer Gale received notice from the District Attorney's

office of the dates for Mitchell's upcoming trial.  (Exhibit "H," at 33).  Plaintiff was found not

guilty of the charges.  (Exhibit "K" Amended Complaint at paragraph 29).

Plaintiff filed an Amended Complaint on or about July 2, 2002 against Officers Obenski

and Gale in both their individual and official capacities, and against Morris[2] complaining that

defendants Gale and Obenski failed to conduct a proper investigation into the allegations claimed

by victim Rhonda Morris and that had a proper investigation been performed, defendants would

not have accused plaintiff of these criminal acts.  (Exhibit "K," at paragraphs 35-39)

Plaintiff's Complaint alleged that such actions deprived him of equal protection, due

process and liberty.   Plaintiff also claimed that such negligent investigation somehow

constituted a concerted attempt to violate plaintiff's constitutional right to freedom of movement,

freedom from harassment, freedom from abuse by a government agent.  (Exhibit "K," at

paragraph 41).  Finally, he contends that the aforementioned acts deprived him of rights under

the Fourth and Fourteenth Amendments in violation of 42 U.S.C. §1981, §1983 and §1985.

## II.    LEGAL ARGUMENT

### .    A.    STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be entered

forthwith if the pleadings, depositions, answers to Interrogatories, and admissions on file,

together with the affidavits, if any, show that there are no genuine issues as to any material facts,

---

[2] The claim against Rhonda Morris was severed by Order of Court dated November 21, 2002.

and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(c). This

Rule was interpreted by the Supreme Court as follows:

> …the plain language of Rule 56(c) mandates the entry of summary judgment,
> after adequate time for discovery and upon motion, against a party who fails to
> make a showing sufficient to establish the existence of an element essential to that
> party's case, and on which the party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)(emphasis supplied). The burden on the party

moving for summary judgment is not to show the "absence of a genuine issue of material fact,"

but rather to show "an absence of evidence to support the non-moving party's case." *Id.* at 325.

Although all evidence must be viewed in a light most favorable to the non-moving party, *see*

*Adickes v. S.H. Kress & Co.* 398 U.S. 144 (1970), "a party opposing a properly supported

motion for summary judgment 'may not rest upon the mere allegations or denials of his pleading,

but …must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242 (1986), *quoting,* Fed. R. Civ. P. 56(e). There is no issue for

trial unless there is "sufficient evidence favoring the non-moving party" such as would allow a

jury to return a verdict in favor of that party. *Id.* at 249. Moreover, "factual disputes that are

irrelevant or unnecessary will not be counted." *Id.*

### B.    THERE WAS PROBABLE CAUSE TO ARREST PLAINTIFF AND HIS CIVIL RIGHTS CLAIMS MUST BE DISMISSED

The essence of plaintiff's Complaint is that defendants conducted an incomplete or

negligent investigation, which resulted in plaintiff's arrest for crimes he did not commit. (Exhibit

"K," at paragraphs 35-39). Plaintiff argues that through such negligently conducted

investigation, plaintiff was wrongly charged with crimes in violation of the Fourth and

Fourteenth Amendment and in violation of 42 U.S. C. §1981, §1983 and §1985. Lastly plaintiff

9

claims that bringing such charges constituted a deprivation of equal protection and due process under the law. (*See e.g.* paragraphs 42 and 43 of Exhibit "K").

42 U.S.C. §1983 provides a cause of action against persons who, under color of a statute of any state subject plaintiff to the deprivation of any rights, privileges or immunities secured by the Constitution. 42 U.S.C. §1983; *Wyatt v. Cole,* 504 U.S. 158, 161 (1992). "To state a claim under §1983, plaintiff must show that the defendant, through conduct sanctioned under the color of state law, deprived him of a Federal Constitutional or statutory right." *Gruenke v. Seip,* 225 F.3d 290, 298 (3d. Cir. 2000).

In the context of civil rights claims, Courts are required to examine the issue of qualified immunity before reaching the underlying merits of a party's Constitutional claim. *See Gruenke,* 225 F.3d at 298- 99.

1.    Gale and Obenski are Entitled to Qualified Immunity

Qualified immunity shields government officials from liability for damages on account of their performance of discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Sharrar v. Felsing*, 128 F3d 810, 826 (3d Cir. 1997).

Claims of qualified immunity must be evaluated using a two-step process. *Bennett v. Murphy*, 274 F.3d 133, 136 (3d Cir. 2001). "[T]he first inquiry must be whether a constitutional right would have been violated on the facts alleged…" *Saucier v. Katz*, 533 U.S. 194, 200 (2001). "If no constitutional right would have been violated on the allegations established," there is no need for further inquiry and qualified immunity should be granted. *Id.* at 201.

10

However, "if a violation could be made out on a favorable view of the parties' submissions, the next consequential step would be to ask whether the right was clearly established." *Id*.  The "dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted." *Id*. at 202 (citation omitted).  Whether a right is clearly established and whether an officer acted reasonably are questions of law to be decided by the Court. *Bartholemew v. Pennsylvania*, 221 F.3d 425 (3d Cir. 2000).  In order for a person to have a clearly established right, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id*. at 428; *Anderson v. Crieghton*, 483 U.S. 635, 640 (1987).  If the violation of a constitutional right may be found, the Court must then consider whether the right was "clearly established" such that a reasonable person would have been aware of it.  *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000).  "[A]n official will not be liable for allegedly unlawful conduct so long as his actions are objectively reasonable under current Federal law." *Id*. at 299.

Where plaintiff brings an action under §1983 alleging that the police violated his constitutional rights, the question of immunity focuses on "whether a reasonable officer could have believed that his …conduct was lawful, in light of clearly established law and the information in the officer's possession." *Sharrar,* 128 F.3d at 326.  A person who applies for an arrest warrant may claim qualified immunity so long as he acted as a reasonably well-trained officer would have acted under the circumstances.  *Malley v. Briggs*, 475 U.S. 335, 345 (1986).  As the Third Circuit explained in *Sharrar*, this qualified immunity standard ensures that:

> Law enforcement officers who reasonably but mistakenly conclude that their conduct comports with the requirements of the 4th Amendment [will receive] immunity.  In this way, the "the qualified immunity standard 'gives ample room for mistaken judgment' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'

*Id*. (quoting *Hunter v. Bryant*, 500 U.S. 224, 227 (1991)).

A Magistrate's issuance of a warrant justifies the presumption that the officer who applied for the warrant was objectively reasonable in believing that there was probable cause which presumption can only be overcome by showing that the officer intentionally or recklessly made false statements or omissions of material facts.  *Franks v. Delaware*, 438 U.S. 154, 171 (1978)("there is, of course, a presumption of validity with respect to the Affidavit supporting the search warrant.").  *Franks* also applies to arrest warrants.  *Oleander v. Township of Bensalem,* 32 F. Supp. 2d 775, 788 (E.D. Pa.), *aff'd.,* 202 F.3d 254 (3d Cir. 1999).

For example, in *Ortiz v. Van Auken*, 887 F.2d 1366 (9th Cir. 1989), the Ninth Circuit relying upon the Supreme Court's decision in *United States v. Leon*, 468 U.S. 897 (1984)(establishing the good faith exception to the exclusionary rule), found that a police officer executing a search warrant which had been approved by the District Attorney's office and by a Magistrate, enjoyed qualified immunity in a civil rights action arising out of that search.  *Leon* emphasizes that generally 'an officer cannot be expected to question the Magistrate's probable cause determination.'"  887 F.2d at 1371(citations omitted); *See also Marks v. Clarke,* 102 F.3d 1012, 1024-25 (9th Cir. 1996); *Gabbert v. Conn,* 131, F.3d 793 803 (9th Cir. 1997).

**2.**     There Is No Violation Of A Constitutional Right And The Complaint Must Be Dismissed

Plaintiff argues that Obenski and Gale violated his Fourth and Fourteenth[3] Amendment rights by wrongly arresting him.

The Amended Complaint appears to question the propriety of the arrest[4] based on two grounds:  (1) that Police Officers Obenski and Gale[5] failed to conduct a proper (and complete) investigation into the allegations alleged by victim Morris; and (2) there were insufficient grounds for the issuance of a fugitive warrant.

A claim that an officer failed to conduct a thorough investigation before seeking an arrest warrant is not a proper basis for a claim of a violation of the Fourth Amendment:

> [f]or Fourth Amendment purposes, the issue is not whether the information upon which police officers base their request for an arrest warrant resulted from a professionally executed investigation; rather, the issue is whether that information would warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.

*Orsatti v. New Jersey State Police,* 71 F. 3d 480, 484 (3d Cir. 1995).

The Third Circuit has acknowledged that "a positive identification by a victim witness, without more, would usually be sufficient to establish probable cause."  *Wilson v. Russo,* 212 F. 3d 781, 790 (3d Cir. 2000).  An Officer is not required to undertake an intensive investigation and interview other witnesses to find the victim credible.  *Merkle v. Upper Dublin School District,* 211 F.3d 782, 790 n. 8 (3d Cir. 2000)(a police officer "is not required to undertake an

---

[3] In *Albright v. Oliver,* 510 U.S. 266 (1994), the Court held that the right to be free from prosecution except on the basis of probable cause is a Fourth Amendment right and not a substantive due process right.  *See also Pamsy v. Preate,* 870 F. Supp. 612, 622 (M.D. Pa. 1994), *aff'd.,* 61 F. 3d. 896 (3d Cir. 1995); *TLRREF v. McLaughlin,* 163 F.3d 169, 173 (3d Cir. 1998), *cert. denied.* 120 S. Ct. 797 (2000).  As such, the Fourteenth Amendment claim should be dismissed.

[4] While the phrase "probable cause" is not present in the Amended Complaint, it is assumed that the Amended Complaint questions the presence of probable cause.

[5] As officer Gale played no role in the investigation, but only received the warrant from the Court and served it, there is no claim against him.  *See Rizzo v. Goode,* 423 U.S. 362 (1976)(liability under §1983 is individual and requires evidence of personal involvement in the constitutional violation).

exhaustive investigation in order to validate the probable cause, that, in his mind, already existed.").

In the present case, it was not unreasonable for Officer Obenski to assess the victim's demeanor, find her story credible, and rely on her explanation of the events at the Fairfield Inn to file charges.  *See Sharrar v. Felsing,* 128 F. 3d 810, 818 (3d Cir. 1997)(finding that it was reasonable for an officer to "assess [the victim's] demeanor, find her story credible and rely on her subsequent identification of her husband as the attacker.").

Furthermore, the Affidavit of Probable Cause clearly supports each charge. Though it is not clear that plaintiff is challenging the Affidavit of Probable Cause used in support of criminal charges, if so, plaintiff must set forth:

> (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created the falsehood in applying for the warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause.

*Franks v. Delaware*, 438 U.S. 154, 155 (1978)(emphasis added); *Sherwood v. Mulvihill*, 113 F.3d 396 (3d Cir. 1997); *Orsatti v. New Jersey State Police*, 71 F.3d 480 (3d Cir. 1995)(applying *Franks* to an arrest warrant).  Under *Franks*, if a pleading fails to allege facts showing an officer's reckless or knowing submission of false information in an Affidavit, no violation of the Fourth Amendment has been established.  *Franks*, 438 U.S. at 171.  Here there is no evidence that Obenski submitted any false information in support of the warrant.  To the contrary, the content of the Affidavit is derived from Morris' statements.

Mitchell's second factual allegation appears to be that there were insufficient grounds for the issuance of a fugitive warrant:  plaintiff does not contest the basis for the warrant itself. Plaintiff alleges that there were no grounds for the issuance of the fugitive warrant.  He claims

that the Affidavit of Due Diligence in support of the warrant is devoid of necessary detail.

Defendants submit that whether the warrant was a fugitive warrant or a standard warrant is

irrelevant, since, to the extent that there was probable cause in support of the charges, the manner

and means by which plaintiff was taken into custody is not germane.  Nevertheless, Officer

Obenski applied for a fugitive warrant in reliance upon instructions he received from the District

Attorney's office that since plaintiff resided out of state, a fugitive warrant was the proper

method to gain his extradition from Maryland to Pennsylvania.  Thus, defendants are entitled to

qualified immunity.  Further, Obenski clearly indicated on the Affidavit the basis upon which the

warrant was sought and the warrant was signed off by the District Justice.  Even if a fugitive

warrant was not the proper method to seek Mitchell's arrest, if probable cause to arrest is present

the means used to arrest cannot violate the Fourth Amendment.

Plaintiff's third claim is that there was some collusion with the officers and Rhonda

Morris:  "plaintiff believes…that all of the aforementioned actions perpetuated by the defendants

constitute a concerted effort to violate his Constitutional right to freedom of movement…"

(Exhibit "K," at 41).   Defendants assume that this allegation again questions the presence of

probable cause.  If so, defendants rely upon their previous arguments.

While plaintiff has not produced evidence of any collusion or subjective motivations he

attributes to the officers for arresting him, to the extent plaintiff questions the officers'

motivation (without evidence), that argument is beside the point.

The Supreme Court has explained that the first step in evaluating alleged violations of the

Fourth Amendment is "an objective assessment of an officer's actions in light of the facts and

circumstances that are known to him."  *Scott v. United States,* 536 U.S. 128, 137 (1978).  It

follows that law enforcement officers' subjective intent alone does not make otherwise lawful

conduct, illegal or unconstitutional. *United States v. Acosta,* 965 F. 2d 1248, 1254 (3d Cir. 1992)(citations omitted). The United States Supreme Court likewise stated that "[s]ubjective intentions play no role in ordinary probable-cause Fourth Amendment analysis." *Arkansas v. Sullivan,* 121 S. Ct. 1876, 1878 (2001).

C.    **THE §1981, §1985 AND EQUAL PROTECTION CLAIMS MUST BE DISMISSED BECAUSE THERE IS NO EVIDENCE THAT RACE PLAYED ANY ROLE IN THE DECISION TO CHARGE PLAINTIFF**

Plaintiff has alleged a conspiracy pursuant to 42 U.S.C. §1985 to deprive plaintiff of his constitutionally protected rights. Though plaintiff has not identified the subsection of the statute that his claim falls under, since Section 1985 (1) and (2) apply to Federal officials or to witnesses they are not relevant to this case. The only basis for plaintiff's claim is under §1985(3).

In order to state a §1985(3) claim, plaintiff must allege:

1.    A conspiracy;

2.    Which was motivated by <u>racial or other invidious or class-based discrimination</u> for the purpose of depriving either directly or indirectly, any person or class of persons of the equal protection of the law, or of equal privileges and immunities under the laws;

3.    Acts in furtherance of the object of the conspiracy; and

4.    An injury to person or property.

*Griffin v. Breckenridge,* 403 U.S. 88, 102-03 (1971); *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997). With regard to a claim of civil conspiracy, the Complaint must allege the following:

1.    A combination of two or more persons acting with a common purpose to do an unlawful act by unlawful means or for an unlawful purpose;

2.    Overt act done in pursuance of common purpose; and

3.    Actual legal damage.

16

*McKeeman v. Corestates Bank,* 751 A.2d 655, 659 (Pa. Super. 2000). Additionally, "absent a

civil cause of action for a particular act, there can be no cause of action for civil conspiracy to

commit that act." *McKeeman,* 751 A. 2d 659, *citing Pellagatti v. Cohen,* 536 A.2d 1337, 1342

Pa. Super. 1987). Proof of malice or an intent to injure is essential to proof of conspiracy.

*Skipworth v. Williams v. Lead Industries Assoc.,* 547 Pa. 224, ____, 690 A. 2d 169, 174 (1997).

In order to satisfy the second element of the *Griffin* test there must be some racial or

perhaps class-based "invidiously discriminatory animus behind the conspirator's action." *See*

*Griffin,* 403 U.S. at 102.

Plaintiff's §1985(3) claim fails because he has not shown any evidence that the police

conspired with Rhonda Morris, nor that there was any "class-based" discrimination behind the

arrest.

There is no mention in the Complaint that a conspiracy to violate plaintiff's constitutional

rights was motivated by any racially discriminatory animus. In fact, when Officer Obenski filled

out the charges against plaintiff, he thought that plaintiff was white, and Obenski typed "white"

on the warrant. (Exhibit "G"). As Officer Gale had no role in the decision to file charges against

plaintiff Mitchell, all claims against him should be dismissed in any event.

Plaintiff claims that the actions of the police denied him equal benefits of the law under

42 U.S.C. §1981. 42 U.S.C. §1981 provides: "all persons…shall have the same right in every

State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the

full and equal benefit of all laws and proceedings for the security of persons and property as is

enjoyed by white citizens…" A cause of action under §1981 requires proof of intentional

discrimination as the right under §1981 is similar to the guarantee of equal protection embodied

in the Fourteenth Amendment. *See Croker v. Boeing, Co.,* 662 F. 2d 975 (3d Cir. 1981)(citations

17

omitted).  While defendants concede that plaintiff is a racial minority, there is no evidence that

his arrest was affected by this fact, and no evidence of intentional discrimination.

Plaintiff's equal protection claim fails, as there is no evidence that race played any role in

the arrest.

The equal protection clause of the 14th Amendment is essentially a direction that all

persons similarly situated should be treated alike.  *City of Cleburn v. Cleburn Living Center*, 473

U.S. 432, 439 (1985); *Williams v. Morton,* 343 F.3d 2121 (3d Cir. 2003)(an equal protection

claim analysis asks whether the plaintiff is a member of a protected class, and has been treated

differently from persons who are similarly situated).  As stated since there is no evidence that

plaintiff's race played any role in the charges, the claim must be dismissed.

### D.    THERE IS NO EVIDENCE OF ANY POLICY OR PRACTICE IN UWCHLAN TOWNSHIP FOR ARRESTING PARTIES WITHOUT PROBABLE CAUSE

For a municipality such as Uwchlan Township to be held liable under 42 U.S.C. §1983,

plaintiff must demonstrate that the municipality caused a deprivation of his Constitutional rights

through an official policy, practice, or custom.  *Monnell v.Dep't of Soc. Servs.,* 436 U.S. 658,

690 (1978).  A Municipal custom can be demonstrated either by reference to an express, codified

policy or by evidence that a particular practice, although not authorized by law, is so permanent

and well settled that it constitutes law.  *Beck v. Pittsburgh,* 89 F. 3d 966, 971 (3d Cir. 1992).  For

liability to attach under a failure to train theory, defendant's failure to train its employees "must

reflect a deliberate or conscious choice by the policy-making officials, such that one could call it

the…policy or custom."  *Grazier v. City of Philadelphia,* 328 F. 3d 120, 124 (3d Cir. 2003).

Further, plaintiff must demonstrate causation, as " a municipality can be liable under §1983 only

18

when its policies are the moving force behind the Constitutional violation." *City of Canton v. Harris,* 489 U.S. 378, 389 (1989).

Plaintiff has produced no evidence that any alleged denial of his constitutional rights resulted from any Township policy or practice and the claim against the Township must be dismissed.

DEVLIN AND DEVINE


BY: _____
/sDavid P. Karamessinis, Esquire
Attorney for Defendants,
ID#:  50836

100 West Elm Street
Suite 200
Conshohocken, PA  19428
610-397-4635

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL                          :No.:  02-3717

                                          :

     vs.

                                          :

WARREN OBENSKI, MATTHEW GALE,
ET AL.                                    :

## **CERTIFICATE OF SERVICE**


     I hereby certify that service of a true and correct copy of the enclosed

Defendants' Motion for Summary Judgment was to plaintiff's counsel on March 23, 2004 by

United States first-class mail, postage pre-paid and if applicable by electronic filing.

Milton Savage, Jr., Esquire
1616 Walnut Street
Suite 1910
Philadelphia, PA  19103

                  DEVLIN AND DEVINE

               By:  _____
                 /sDavid P. Karamessinis, Esquire
                 Attorney for Defendants
                 ID#:  50836
                 Suite 200, 100 West Elm Street
                 Conshohocken, PA  19428
                 610-397-4635

Date:  _____