IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL                                :No.: 02-3717

                                                        :

vs.

                                                        :

WARREN OBENSKI, MATTHEW GALE,
*ET AL*.                                                           :

**O R D E R**

AND NOW, this     day     of    , 2004 upon consideration of defendants' Reply Brief in

Support of their Motion for Summary Judgment, said Motion is granted and plaintiff's

Complaint is dismissed with prejudice.

                                                      BY THE COURT:

                                                                                                 J.

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY MITCHELL | :No.:  02-3717 |
| | : |
| vs. | |
| | : |
| WARREN OBENSKI, MATTHEW GALE, *ET AL.* | : |

**DEFENDANTS, OBENSKI AND GALE, *ET AL.*'S  REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**I.   THE AFFIDAVIT IN SUPPORT OF THE FUGITIVE WARRANT WAS FACTUALLY ACCURATE**

Plaintiff questions whether the Affidavit of Due Diligence in support of the application for a fugitive warrant was accurately filled out.  (Brief in Op. at Section "V").  While plaintiff states that the Affidavit implies that Officer Obenski swore that he had "made every effort to apprehend the above-named individual," i*d.,* a simple review of the Affidavit indicates that the officer "checked off" the specific lettered items that he followed.  Officer Obenski only checked off Section ("L") and wrote in that he was advised that plaintiff would flee if notified and that "the Chester County District Attorney's Office requested a Fugitive from Justice Warrant, so that a subject can be extradited from Maryland to Pennsylvania."  (Exhibit "G," to Moving Brief).  The Affidavit does not have any of the other lettered items checked (items ("g" through "k" were left blank).    Obviously, on the strength of Officer Obenski having checked "other," was sufficient as the District Justice signed the warrant.  That Officer Obenski did not perform any of the other checked items on this form, is of no moment as he accurately recounted what he had done, and, upon the strength of that effort, the District Justice signed the warrant.

Plaintiff contends that he was improperly identified as a fugitive under *18 U.S.C. §3182*. (Brief in Op. at Section "B"). In fact, that section of the United States Code was implemented so that each state could bring offenders to trial as swiftly as possible in the state where the alleged offense was committed and to preclude any state from becoming a sanctuary for fugitives from justice of another state. *Mishkin v. Doren,* 439 U.S. 282, 287 (1978). In enacting, this section, Congress limited extradition to those circumstances in which there was sufficient reliable evidence that the suspect has been charged with a crime in the state seeking extradition. *Draper v. Coombs,* 792 F.2d 915, 920 (9th Cir. 1986). In order to provide some protection to the fugitive's rights, the statute prohibits the state from extraditing an individual upon the simple request of another state and instead requires the officer of the extraditing state to present an indictment or an Affidavit. *18 U.S. §3182.*

Plaintiff's citation to cases which set forth when someone is a fugitive from justice is really beside the point, in that §3182 is satisfied by virtue of the type of paperwork that was presented to the State of Maryland in the present case: a warrant of arrest signed by a District Justice as well as a criminal Complaint, likewise signed by a District Justice. That plaintiff would have preferred that he be given the opportunity to surrender on his next scheduled trip to Pennsylvania is not relevant, as the police are under no obligation to work out the terms of someone's surrender when they have a valid criminal Complaint and arrest warrant.

 **B.** **OFFICERS GALE AND OBENSKI ARE ENTITLED TO QUALIFIED IMMUNITY**

Plaintiff has not established a violation of a Constitutional right at all, as there has been no opposition to moving defendants' argument that there was probable cause for issuance of the criminal Complaint. Assuming there was probable cause in support of the criminal Complaint, there were grounds to take plaintiff into custody.

Plaintiff's complaint that the manner and means by which he was taken into custody somehow violated his constitutional rights is not supported by any reading of the law. The only thing that *18 U.S.C. §3182* requires is that proper papers signed by a Magistrate be presented in support of the extradition—something that was done.

Even if the Court could somehow find a violation of a Constitutional right, plaintiff has cited no law that clearly establishes that the conduct committed by either Officers Gale or Obenski violated any clearly established legal precedent. *See Sharrar v. Felsing,* 128 F. 3d 810, 818 (3d Cir. 1997). When determining whether the contours of a legal right were clearly established for purposes of qualified immunity, the United States Supreme Court in *Anderson v. Creighton,* 483 U.S. 635, 640 (1987) described the standard as "in light of pre-existing law the unlawfulness must be apparent" otherwise qualified immunity is available. In practice, a Court

> Compares the facts alleged with the facts in prior cases, decided before the official acted. If the facts closely correspond to prior decided cases, the official should have been on notice that his or her conduct was unconstitutional. If the facts present a novel and colorable question as to the correct application of the law, the official will be protected by qualified immunity.

*Olender v. Township of Bensalem,* 32 F. Su[pp. 2ed 775, 784 (E.D. Pa. 1999).

If the law is not clearly established when an official acts, he is entitled to qualified immunity because he "could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know that the law forbade conduct not previously identified as unlawful." *Harlow v. Fitzgerald,* 457 U.S. 800, 817-19 (1982).

While Mitchell claims that defendants deprived him of his liberty, since there was probable cause for plaintiff's arrest, the liberty interest claim must fail. *Albright v. Oliver,* 510 U.S. 266, 274 (1994).

4

Plaintiff attempts to undermine defendants' claim of qualified immunity in their good faith reliance upon the advise of counsel in seeking the fugitive warrant. (Brief in Op. at Section "C").

Qualified immunity is particularly appropriate when the police rely upon the advice and consent of the District Attorney's office in bringing charges:

> [c]riminal proceedings initiated upon the advice of counsel are conclusively presumed to be supported by probable cause when the advice of counsel was sought in good faith and the advice was given after full disclosure of the facts to the attorney.

*Williams v. Fedor*, 69 F. Supp. 2d 649, 670 (M.D. Pa. 1999)(emphasis added)(citing *Kelley v. General Teamsters, Chauffeurs & Helpers Local Union 249*, 518 Pa. 517, 521, 544 A.2d 942, 942 (1988)).

The Third Circuit has recognized the significance of advice of counsel in establishing probable cause. *Lee v. Mihalich*, 847 F.2d 66, 72 (3d. Cir. 1988); *See also American Int'l. Airways, Inc. v. American Int'l. Group, Inc.,* 816 F. Supp. 158, 1064 (E.D. Pa. 1993)(no requirement under Pennsylvania's statutory definition of malicious prosecution that counsel's advice be sound where it is relied upon as a defense to liability).

> [A]s a practical matter, police officers must be able to rely on the advice of prosecutors. 'The judicial system depends upon its reliance.' *Dale,* 908 F. Supp. at 138. (concluding that <u>village police Chief's reliance on district attorney's 'relatively more expert opinion that probable cause existed was objectively reasonable as a matter of law'</u>).

*Donovan,* 250 F. Supp. 2d at 258 (emphasis added). As such, Officer Gale's reliance on the District Attorney's office's suggestion regarding a fugitive warrant was appropriate.

While plaintiff consistently claims that the Affidavit of Due Diligence was "false" that is blatantly not true as the Affidavit specifically sets forth those efforts made by Officer Obenski.

5

As there was no consistent Third Circuit case law which established that applying for a fugitive warrant, especially upon the advice of counsel, violated established legal precedent, defendants are entitled to qualified immunity and the Complaint should be dismissed.

                DEVLIN AND DEVINE

BY: _____
     /s David P. Karamessinis, Esquire
     Attorney for Defendants
     ID#: 50836
     100 West Elm Street, Suite 200
     Conshohocken, PA 19428
     610-397-4635

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL :No.: 02-3717

:

vs.

:

WARREN OBENSKI, MATTHEW GALE,
ET AL. :

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the enclosed

Defendants, Reply Brief in Support of their Motion for Summary Judgment was sent to all parties

via electronic filing and/or by United States first-class mail, postage pre-paid on April 29, 2004.

Milton Savage, Jr., Esquire
1616 Walnut Street
Suite 1910
Philadelphia, PA  19103

                              DEVLIN AND DEVINE

                    By: _____
                       /sDavid P. Karamessinis, Esquire
                       Attorney for Defendants,
                       Police Officers Warren Obenski and
                       Matthew Gale
                       ID#:  50836
                  Suite 200, 100 West Elm Street
                     Conshohocken, PA  19428
                     610-397-4635