# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL

      Plaintiff

v.

EDWARD OBENSKI and MATTHEW GALE, individually and in their official capacities as police officers of the Uwchlan Township Police Department

      Defendants

CASE No. 02-CV-3717

## ORDER

AND NOW, this ___ day of _____, 2004, upon consideration of the plaintifff's response to the defendants' motion for leave to file a reply to plaintiff's response to defendants' motion for summary judgment, it is hereby

ORDERED that said Motion is DENIED.

BY THE COURT:

_____ J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL

      Plaintiff

v.

EDWARD OBENSKI and MATTHEW GALE,
individually and in their official capacities as police
officers of the Uwchlan Township Police
Department

      Defendants

: CASE No. 02-CV-3717

## MEMORANDUM BY PLAINTIFF IN OPPOSITION TO MOTION FOR LEAVE TO FILE REPLY BRIEF FILED BY THE DEFENDANTS

Plaintiff, re-asserts his argument set forth in the Response To Motion for Summary Judgment, and submits the additional argument in response to the most recent filing by the defendants:

### I. THE AFFIDAVIT IN SUPPORT OF THE FUGITIVE WARRANT WAS FACTUALLY INACCURATE, FRAUDULENT AND PREPARED IN BAD FAITH

The defendants now argue strenuously that they prepared a factually accurate affidavit. They argue that it is factually accurate because its lacks information as opposed to it setting forth information. The argument is untenable. The defendants asks this Court to believe that a magistrate would have approved designating Mr. Mitchell a fugitive notwithstanding that Mr. Mitchell had no knowledge of the charges against him, and the defendants had regular communication with Mr. Mitchell's employer, his home address, telephone number, local police, and work schedule. The defendants ask the

Court to cloak them with qualified immunity because a "District Attorney" approved their violation of Mr. Mitchell's rights. As to this point, the defendants have assumed facts not in evidence. Martha Gay was an employee of the Chester County District Attorney's Office, but not an attorney. Please see Exhibit "A". Martha Gay told the defendants what they wanted to hear. When the defendants requested an endorsement of their scheme from an assistant district attorney, however, their request was denied. Please see Exhibit "A" (request to request extradition from Virginia, denied).

The defendants cite Lee v. Mihalich, 847 F.2d 66 (3d. Cir. 1988) to support their contention that qualified immunity protects them from liability for claims created by their illegal acts. The Court in Mihalich however expressly stated that police officers who follow the guidance of attorneys are eligible for qualified immunity. The Court did not hold that police officers may rely upon the assumptions or guesses of lay employees of the district attorney's office. The Court opined, "Mihalich and King, relied upon the determination of a **Medicaid Fraud Unit attorney** [emphasis added] that the prosecution was timely, we hold they are entitled to summary judgment on the basis of qualified immunity." Id.

Also, the Court in American International Airways, Inc. v. American International Group, Inc., 816 F.Supp. 158 (E.D. Pa. 1993) also cited by the defendants, holds that reliance on the advice of the district attorney, cloaks the actions of the police officers with qualified immunity. The Court does not hold that the judgment of an employee of the district attorney's office provides the same protection, and for good reason. Attorney's are bound by the Rules of Professional Responsibility, in all of their dealings, whereas as lay employees of a district attorney's office, are not.

## II. THE DEFENDANTS VIOLATED MR. MITCHELL'S FOURTH AMENDMENT RIGHTS AGAINST ILLEGAL SEIZURE WHEN ITS ILLEGAL CONDUCT CAUSED A DETENTION OF 12 DAYS IN JAIL

The defendants argue again that Mr. Mitchell's detention does not constitute a violation of a constitutional right. Mr. Mitchell responds with two points. First, the Court in Gallo v. City of Philadelphia, 161 F.3d 217 (3d Cir. 1998) held that a jury should determine whether pre-trial travel restrictions imposed by government agents constitute a violation of Mr. Gallo's fourth amendment right of freedom movement, and granted Mr. Gallo's appeal of a grant of a motion for summary judgment. A 12-day detention is clearly more extreme than a travel restriction. Second, again, the detention flows from the bad-faith act of presenting for the approval by a magistrate a fraudulent affidavit of due diligence.[1]

Accordingly, for the reasons stated in this Response and in plaintiff's response to defendant's motion for summary judgment previously filed, plaintiff respectfully requests the Court deny said motion.

*"The law is not an end in itself, nor does it provide ends. It is preeminently a means to serve what we think is right."* Quoting Justice William J. Brennan, in Roth v. U.S., 1957.

Respectfully submitted,

*[signature]*
MILTON S. SAVAGE, JR., ESQUIRE

---

[1] The defendants argue that Mr. Mitchell did not have a constitutional right to arrange a surrender agreement. Mr. Mitchell's pre-trial circumstances were similar to that of Kobe Bryant's. While there is no doubt as to the whereabouts of Mr. Bryant, query whether the Colorado authorities would have attempted to execute an arrest warrant in California, and cause the mandatory detention, simply because, as the defendants would argue, that Mr. Bryant did not have constitutional right to arrange a surrender.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GREGORY MITCHELL

       Plaintiff

   v.

EDWARD OBENSKI and MATTHEW GALE,
individually and in their official capacities as police
officers of the Uwchlan Township Police
Department

       Defendants

CASE No. 02-CV-3717

## CERTIFICATE OF SERVICE

I, Milton S. Savage, Jr., Esquire, hereby certify that on May 13, 2004, I served the following person with the plaintiff's response to the defendants' motion for leave to file a reply to plaintiff's response to defendants' motion for summary judgment, by electronic mail in PDF form:

    David P. Karamessinis, Esquire
    Devlin & Devine
    100 West Elm Street, Suite 200
    Conshohocken, PA 19428
    Email: david.karamessinis@stpaul.com

    _____
    MILTON S. SAVAGE, JR., ESQUIRE
    1616 Walnut Street, Suite 1910
    Philadelphia, PA 19103
    Tel: 215-732-5077
    Email: ms2@msn.com

| Uwchlan Twp Police Department | UT-00-03452  05/26/2000 |
|---|---|
| ☑ Investigation ☐ Accident ☐ Arrests Made ☐ Suspects  OFFICER: 131 | Incident Report Form |

the Corporate Security Manager for U.S. Airways, Philadelphia Office to contact me.

A warrant will be issued for Mitchell for False Imprisonment, Harrasment and Stalking and Disorderly Conduct.

Investigation pending.

SUPPLEMENTAL #3                 06/09/2000    MDG        06/09/2000   MDG        N
ALL OTHER OFFENSES
INCIDENT #00-050-03452
OFFICER M. GALE
SUPPLEMENTAL #3
6/9/00

On this date, at approximately 12:30 P.M., I obtained a warrant from District Court 15-2-07 for Gregg Mitchell's arrest. At 1:30 P.M., I spoke to Martha Gay, the administrator of the Fugitive Extradition Unit. She authorized a Zone #1 extradition for Mitchell, covering New York, Delaware, Maryland and Virginia.. At 1:00 P.M., I had Dispatcher #146 enter Mitchell into N.C.I.C. as a fugitive.

At approximately 3:00 P.M., I spoke to Jerry Donaldson, a Regional Manager for U.S. Air. He advised that after speaking to the Supervisor of Inflight Services, that Gregg Mitchell will be arriving at Washington National Airport on 6/10/00, at 1:45 P.M. on flight 1102 from Jacksonville.

At 5:00 P.M., I spoke to Sgt. Karen Cole of the Metro-Washington Airports Authority P.D. I faxed her a copy of the warrant. She advised that my contact person for 6/10/00 will be Sgt. Szymanski.

SUPPLEMENTAL #4                 06/10/2000    MDG        06/10/2000   MDG        N
ALL OTHER OFFENSES
INCIDENT #00-050-03452
OFFICER M. GALE
SUPPLEMENTAL #4
6/10/00

On this date at approximately 8:00 A.M., I received a call from Sgt. John Creager of the Metro-Washington Airports Authority P.D.. He advised that upon checking N.C.I.C., that Virginia is not a surrounding state covered under zone #3 extradition. I called the Chester County Police Dispatch back and confirmed that zone #3 does not cover Virginia as far as extradition. I was advised that the instructions were probably confusing to the dispatchers and this was an oversight. Simply, Chester County will not extradite from Virginia.

I spoke to Assistant District Attorney Susan Fields. After being given the circumstances surrounding this case, she advised that the zone will not be changed to allow Virginia to hold Michell. I called Creager back and aborted our arrangements.

At approximately 12:10 P.M., I spoke to Officer Kenneth Sanger of the Montgomery County Police Department. After confirming that Mitchell's residence is in thier jurisdiction, I faxed him a copy of our warrant. Sanger stated that they will attempt to pick him up later this date.

EXHIBIT A

| WSIRF-01 | UT-00-03452  05/26/2000 | ☐ APPROVED BY | ON | PAGE 4 |